## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| BYRON CHRISTMAS, TIFFANY BANKS ) <br> for herself and on behalf of her infant ) <br> daughter, JANE DOE, <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CITY OF CHICAGO, ILLINOIS, a ) <br> municipal corporation, and Chicago Police ) <br> Officers ARLETTA KUBIK (3171), C. ) <br> ROJAS (14347), PETER MEDINA (13823) ) <br> LUIS LOAIZA (14109), MARCOS ) <br> BOCANEGRA (13191), and ARNOLDO ) <br> RENDON (7148) ) <br> ) <br> Defendants. ) | FILED: AUGUST 17, 2008 <br> 08CV4675 <br> JUDGE MANNING <br> MAGISTRATE JUDGE MASON <br> JH <br><br> 08 C _____ <br><br> JUDGE _____ <br><br> MAGISTRATE JUDGE _____ <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiffs, BYRON CHRISTMAS, TIFFANY BANKS and JANE DOE, ("Plaintiffs"), by their attorney, Christopher R. Smith, make the following complaint against Defendant CITY OF CHICAGO, ILLINOIS, ("Defendant CITY"), and Chicago Police Officers ARLETTA KUBIK, C. ROJAS, PETER MEDINA, LUIS LOAIZA, MARCOS BOCANEGRA and ARNOLDO RENDON ("Defendant OFFICERS"):

**JURISDICTION & VENUE**

1. This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiffs' rights as secured by the United States Constitution.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. '' 1331, 1343 and 1367.

3. Venue is proper under 28 U.S.C. ' 1391(b) as the events giving rise to the claims asserted in

this complaint occurred within this District.

## PARTIES

4. Plaintiff CHRISTMAS is a forty-year-old resident of Chicago, Illinois.

5. Plaintiff BANKS, is a twenty-one-year-old resident of Chicago, Illinois.

6. Plaintiff DOE, is a one-year old child, represented in this action by her mother, Plaintiff BANKS, and a resident of Chicago, Illinois.

7. Defendant OFFICERS were at all relevant times, Chicago Police Officers employed by Defendant CITY, acting within the scope of that employment and under color of law.

8. Defendant CITY is a municipal corporation and public entity incorporated under the laws of Illinois.

## FACTS

9. On or about the afternoon of August 27, 2007, near the location of 3428 West Douglas Boulevard, in Chicago, Illinois, Plaintiff CHRISTMAS was parked in Plaintiff BANKS' car waiting for Plaintiff BANKS and their newborn infant, Plaintiff DOE.

10. One of Defendant OFFICERS approached Plaintiff CHRISTMAS' vehicle and ordered him out of the car. Plaintiff CHRISTMAS, who was not doing anything illegal, complied.

11. Defendant OFFICERS then searched Plaintiff CHRISTMAS' person and vehicle without legal justification, but they found nothing illegal.

12. One or more of Defendant OFFICERS then took Plaintiff CHRISTMAS into a nearby gangway, and ordered him to take his clothes off so that they could strip search him.

13. Ultimately, Plaintiff CHRISTMAS removed his clothing and one or more of Defendant OFFICERS, conducted a strip search and body cavity inspection upon Plaintiff CHRISTMAS. One

of Defendant Officers while wearing latex gloves, inserted his finger(s) into Plaintiff CHRISTMAS' anus, allegedly to search for drugs. One or more of the other Defendant OFFICERS looked on while this search was conducted. Defendant OFFICERS did not find anything illegal during this search.

14. At some point during this encounter, Defendant OFFICERS also approached Plaintiff BANKS who was carrying Plaintiff DOE in her car seat.

15. Defendant OFFICERS detained both Plaintiff BANKS and DOE. One of Defendant OFFICERS ordered Plaintiff BANKS to set Plaintiff DOE down. Defendant OFFICERS then searched Plaintiff BANKS' purse, the car seat, diaper bag and Plaintiff DOE's person.

16. During this detention, one of Defendant Officers made lewd and inappropriate comments to Plaintiff BANKS, such as, in summary and not verbatim, that he knew it must hurt for her to have sex with Plaintiff CHRISTMAS because he was so fat and that she was too pretty for that.

17. Defendant OFFICERS also ordered Plaintiff BANKS to remove her clothing. Plaintiff BANKS complied, and Defendant KUBIK searched Plaintiff BANKS person, touching her breasts, anus and vagina in the process, and removing and discarding the bandage Plaintiff BANKS had on which was covering the sutures from her recent cesarean section. One or more of the other male Defendant OFFICERS looked on while this search was conducted. Defendant OFFICERS did not find anything illegal during this search, either.

18. Defendant OFFICERS ultimately arrested both Plaintiffs and charged them with possessing drugs they never possessed.

19. When Defendant OFFICERS took the Plaintiffs away, they left Plaintiffs' unattended newborn baby, Plaintiff DOE, sitting in her car seat where Plaintiff BANKS had been ordered to set her down. Some time after the police had left the scene with Plaintiffs CHRISTMAS and BANKS,

a friend discovered Plaintiff DOE on the back porch and returned her to Plaintiff BANKS' family.

20. Plaintiff BANKS car was impounded and driven back to the police station by one of Defendant OFFICERS.

21. On information and belief, one or more of Defendant OFFICERS impliedly or expressly conspired and agreed to assist each other in covering up their misconduct with respect to Plaintiffs.

22. Defendant OFFICERS created false police reports, made false statements to other police officers and prosecutors and caused Plaintiffs to be falsely charged and prosecuted for crimes they did not commit.

23. Plaintiff BANKS, who had recently given birth, spent approximately one week in jail as a result of the false charges Defendant OFFICERS' placed against her. At the time she was arrested, she had an infection at the suture site from her recent cesarean section. This infection worsened as a result of her incarceration.

24. Plaintiff CHRISTMAS spent approximately two weeks in jail as a result of the false charges Defendant OFFICERS placed against them.

25. During the time both of her parents were in jail, Plaintiff DOE was cared for by Plaintiff BANKS' family, who did not have any of her clothes or the other provisions needed to care for a newborn baby. In addition, Plaintiff DOE was allergic to formula and was being breast-fed prior to her mother's unlawful incarceration. During the time her mother was in custody and unable, therefore to provide her with breast milk, Plaintiff DOE did not receive proper nourishment and became underweight.

26. Plaintiff CHRISTMAS and BANKS were forced to hire a criminal defense attorney and to defend themselves against these false felony charges Defendant OFFICERS placed against them.

Ultimately, Plaintiffs had to stand trial and both found not guilty of all charges.

## Count I:  Due Process

27.	Plaintiffs re-allege paragraphs 1-26 as if fully restated here.

28.	As more fully described in the preceding paragraphs, the intentional conduct of Defendant OFFICERS toward Plaintiffs shocks the conscience, and constitutes government action, which deprived Plaintiffs of their substantive Due Process rights to bodily integrity, in violation of the Fourteenth Amendment to the United States Constitution.

29.	One or more of Defendant OFFICERS were aware of their fellow officers' misconduct and had a reasonable opportunity to intervene to prevent it, but failed to do so.

WHEREFORE, Plaintiffs pray for judgment against Defendant OFFICERS in a fair and just amount sufficient to compensate Plaintiffs for the injuries they have suffered, plus a substantial sum in punitive damages, as well as costs, attorney's fees, and such other relief as is just and equitable.

## Count II:  Unlawful Search & Seizure

30.	Plaintiffs re-allege paragraphs 1-26 as if fully restated here.

31.	As more fully described in the preceding paragraphs, Defendant OFFICERS seized and searched Plaintiffs without a warrant, without probable cause, and without any other legal justification, in violation of the Fourth and Fourteenth Amendments to the United States' Constitution.

32.	Moreover, the scope of the searches conducted upon Plaintiffs CHRISTMAS and BANKS were unreasonable, and thus violated of the Fourth Amendment.

33.	One or more of Defendant OFFICERS were aware of their fellow officers' misconduct and had a reasonable opportunity to intervene to prevent it, but failed to do so.

34. As a direct and proximate result of Defendant OFFICERS' misconduct, Plaintiffs suffered physical and emotional damages as described in preceding paragraphs and which will be proven at trial.

   WHEREFORE, Plaintiffs pray for judgment against Defendant OFFICERS in a fair and just amount sufficient to compensate Plaintiffs for the injuries they have suffered, plus a substantial sum in punitive damages, as well as costs, attorney's fees, and such other relief as is just and equitable.

### Count III -- ' 1983 Conspiracy

35. Plaintiffs re-allege paragraphs 1-34 as if fully restated here.

36. Defendant OFFICERS impliedly or expressly conspired and agreed to violate Plaintiffs' constitutional rights, and acted in furtherance of this conspiracy as more fully described above.

37. As a direct and proximate result of Defendant OFFICERS' conspiracy, Plaintiffs suffered physical and emotional damages which will be proven at trial.

   WHEREFORE, Plaintiffs pray for judgment against Defendant OFFICERS in a fair and just amount sufficient to compensate Plaintiffs for the injuries they have suffered, plus a substantial sum in punitive damages, as well as costs, attorney's fees, and such other relief as is just and equitable.

### Count IV:  Policy Claim

38. Plaintiffs re-allege paragraphs 1 through 37 as if fully restated here.

39. Plaintiffs' injuries in this case were proximately caused by policies and practices of Defendant CITY, which allows its police officers to violate the constitutional rights of citizens without fear of any real punishment for such misconduct. In this way, Defendant CITY violated Plaintiffs' rights since it created the opportunity for Defendant OFFICERS to commit the foregoing constitutional violations.

40. The above-described misconduct has become so common as to be a widespread practice, and so well settled as to constitute *de facto* policy in the Chicago Police Department. This policy was able to exist and thrive because governmental policymakers with authority over the same exhibited deliberate indifference to the problem, thereby effectively ratifying it.

41. The widespread practice described in the preceding paragraphs was allowed to flourish because Defendant CITY has declined to implement sufficient training and/or any legitimate and/or effective mechanisms for oversight and/or punishment of police officer misconduct.

42. As a direct and proximate result of Defendant CITY's policies and practices, Plaintiffs have suffered physical, emotional and economic damages, which will be proven at trial.

WHEREFORE, Plaintiffs respectfully request judgment against Defendant CITY in a fair and just amount sufficient to compensate them for the injuries he has suffered, plus costs, reasonable attorneys' fees, and all such other relief as this Court finds just and equitable.

## Count V – Illinois Malicious Prosecution

43. Plaintiffs re-alleges paragraphs 1-26 as if fully restated here.

44. As more fully described above, Defendant OFFICERS willfully and wantonly initiated criminal proceedings against Plaintiffs CHRISTMAS and BANKS, and/or caused the criminal proceedings to continue against him, without probable cause to believe they had committed a crime.

45. With malice, willfulness, and/or reckless indifference to Plaintiffs' rights, Defendant OFFICERS created false and/or inaccurate police reports, gave false accounts regarding their investigation to other police officers and/or Assistant State's Attorneys and/or fabricated evidence.

46. The criminal proceedings against Plaintiffs CHRISTMAS and BANKS were terminated in

their favor, in a manner indicative of innocence.

47. As a direct and proximate result of Defendant OFFICERS' malicious prosecution, Plaintiffs suffered financial, physical and emotional damages which will be proven at trial.

48. Illinois law provides that public entities, such as Defendant CITY, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

49. At all relevant times, Defendant OFFICERS were agents of Defendant CITY, and acting within the scope of their employment as a Streator City Police Officers. Defendant CITY, therefore, is liable as principal for all torts committed by Defendant OFFICERS.

WHEREFORE, Plaintiffs pray for judgment against Defendant OFFICERS and Defendant CITY in a fair and just amount sufficient to compensate them for the injuries they have suffered, as well as such other relief as is just and equitable.

## Count VI:  Illinois Battery

50. Plaintiffs re-allege paragraphs 1-26 as if fully restated here.

51. As more fully described above, Defendant OFFICERS willfully and wantonly and without legal justification, used physical force upon Plaintiffs without their consent.

52. As a direct and proximate result of this intentional misconduct, Plaintiffs suffered physical and emotional harm.

53. Illinois law provides that public entities, such as Defendant CITY, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

54. At all relevant times, Defendant OFFICERS were agents of Defendant CITY, and acting

within the scope of their employment as a Streator City Police Officers. Defendant CITY, therefore, is liable as principal for all torts committed by Defendant OFFICERS.

WHEREFORE, Plaintiffs pray for judgment against Defendant OFFICERS and Defendant CITY in a fair and just amount sufficient to compensate Plaintiffs for the injuries they have suffered, as well as such other relief as is just and equitable.

### Count VII – False Imprisonment

55. Plaintiffs restate paragraphs 1-26 as if fully restated here.

56. As more fully described above, Defendant OFFICERS willfully and wantonly detained Plaintiffs, without probable cause or any other legal justification to do so.

57. As a direct and proximate cause of this misconduct, Plaintiffs suffered damages as more fully described above and which will be proven at trial.

58. Illinois law provides that public entities, such as Defendant CITY, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

59. At all relevant times, Defendant OFFICERS were agents of Defendant CITY, and acting within the scope of their employment as a Calumet City Police Officers. Defendant CITY, therefore, is liable as principal for all torts committed by Defendant OFFICERS.

WHEREFORE, Plaintiffs pray for judgment against Defendant OFFICERS and Defendant CITY in a fair and just amount sufficient to compensate Plaintiffs for the injuries they have suffered, as well as such other relief as is just and equitable.

### Count VIII -Intentional Infliction of Emotional Distress

60. Plaintiffs re-allege paragraphs 1-26 as if fully restated here.

61. As more fully described above, the willful and wanton misconduct of Defendant OFFICERS toward Plaintiffs was extreme and outrageous.

62. Given the nature of the misconduct described above, Defendant OFFICERS committed their misconduct with knowledge that their actions were likely to cause severe emotional distress to Plaintiffs.

63. As a direct and proximate cause of Defendant OFFICERS' misconduct, Plaintiffs have suffered severe emotional distress.

64. Illinois law provides that public entities, such as Defendant CITY, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

65. At all relevant times, Defendant OFFICERS were agents of Defendant CITY, and acting within the scope of their employment as a Calumet City Police Officers. Defendant CITY, therefore, is liable as principal for all torts committed by Defendant OFFICERS.

WHEREFORE, Plaintiffs pray for judgment against Defendant OFFICERS and Defendant CITY in a fair and just amount sufficient to compensate them for the injuries they have suffered, as well as such other relief as is just and equitable.

**Plaintiffs demand a trial by jury.**

BYRON CHRISTMAS, Plaintiff

By: __/s/ Christopher R. Smith__
    Attorney for Plaintiffs

TIFFANY BANKS, Plaintiff, on behalf of herself and her minor child,
JANE DOE, Plaintiff,

By:   /s/ Christopher R. Smith
      Attorney for Plaintiffs


A LAW OFFICE OF CHRISTOPHER R. SMITH
119 North Peoria, Suite 3A
Chicago, Illinois 60607
312-432-0400