IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BYRON CHRISTMAS, et al., ) | |
| ) | No. 08 C 4675 |
| Plaintiffs, ) | |
| ) | Judge Manning |
| v. ) | |
| ) | |
| CITY OF CHICAGO, et al., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' FIRST MOTION *IN LIMINE* TO
BAR IMPROPER CHARACTER EVIDENCE**

Plaintiffs Byron Christmas and Tiffany Banks, by and through their attorneys, respectfully move this Honorable Court *in limine*, to bar improper character evidence.

This case is about an incident that involved extremely invasive and humiliating strip searches followed by the arrests of Byron Christmas and Tiffany Banks and the Defendants' abandonment of their infant, Naomi Christmas. The Defendants will try to distract the jury from the core issues in this case by inappropriate and irrelevant attempts to sully the character of the Plaintiffs. As set out below, each of the following topics should be barred from the trial of this case.

**1. Byron Christmas' Other Children Are Not Relevant To This Case.**

During his deposition Mr. Christmas answered questions about children that he had with women other than Tiffany Banks. Mr. Christmas also answered questions about a paternity dispute with his ex-wife. Mr. Christmas' other children are not even remotely relevant to the events alleged in this case, and can only be used to paint Mr. Christmas in an unfavorable light. The subject of Mr. Christmas' other children, including children out of wedlock, raises thorny moral issues which could unduly and needlessly prejudice some jurors against him. Any line of

questioning regarding these other children would be improper, would be unnecessarily prejudicial, would lack any probative value and have no bearing on the facts of this case, and should be barred pursuant to Federal Rules of Evidence 402 and 403.

### 3. Questions About Tiffany Banks' Miscarriage Should Be Barred.

During her deposition, Counsel for Defendants asked Ms. Banks a series of questions about a miscarriage that she suffered in 2006. In addition to being completely irrelevant to the complained incidents, this is a very private, personal, and painful subject for Ms. Banks. Any line of questioning related to this topic should be barred pursuant to Federal Rules of Evidence 402 and 403.

### 4. Any Assertions Involving The Suggestion That Byron Christmas May Not Have Paid Taxes On His Business Should Be Barred.

Plaintiff Byron Christmas testified during his deposition that he has not filed taxes for since he was employed years ago with Toys 'R' Us and Catholic Charities. In the interim Plaintiff has owned a company, Big Dog Entertainment, which collapsed before it was able to turn a profit. Ms. Christmas believes that he registered the company with the state, but he does not recall filing taxes on behalf of Big Dog Entertainment.

The issue of Mr. Christmas' taxes offers no probative value and is completely unrelated to the issues in this trial, on liability or damages. In *Pucci v. Litwin,* Not Reported in F. Supp., 1993 WL 405447, at *1, (N.D. Ill. 1993), the court barred similar evidence, reasoning that introduction of tax returns would be irrelevant and prejudicial. The same reasoning applies to the tax information here. Evidence of Mr. Christmas' financial condition is prejudicial, confusing, irrelevant, and could predispose a jury against him. Under Federal Rule of Evidence 402 and 403, his tax history is inadmissible as irrelevant and prejudicial. Thus, even if such evidence were not irrelevant (which it is), it should be barred under Federal Rule of Evidence 403 and

404.

Finally, the tax history is not admissible for impeachment purposes. The Federal Rules restrict impeachment to truly relevant impeachment, and forbid the kind of misguided attacks on parties that Defendants seek to engage in with is evidence. The fact that Mr. Christmas did not file taxes in years that he was not formally employed or was operating an unprofitable business has no bearing on his truthfulness or on the events at issue in the case, and therefore must be barred. Mr. Christmas believed that in those circumstances (perhaps correctly, no tax expert has been tendered in this case) that he was not under an obligation to file income tax statements. Fed. R. Evid. 608(b) (allowing impeachment by instances of prior conduct only where "probative of truthfulness or untruthfulness"). Mr. Christmas' tax burdens have no bearing on his truthfulness and Defendants should not be allowed to improperly use this evidence to try to paint him in a negative light.

5. **Testimony About Plaintiffs' Tattoos Should Be Barred As Irrelevant, Distracting, And Overly Prejudicial.**

Plaintiffs have testified about having tattoos. However, there has never been any contention that these tattoos represent anything more sinister than body art. Any line of questioning regarding tattoos would be improper, would be unnecessarily prejudicial lack, would lack any probative value and have no bearing on the facts of this case, and should be barred pursuant to Federal Rules of Evidence 402 and 403.

WHEREFORE, Plaintiffs respectfully request that this Court grant Plaintiffs' First Motion *In Limine* as discussed above.

RESPECTFULLY SUBMITTED,

/s/ James M. Baranyk
One of the Attorneys for Plaintiff

James Baranyk
Christopher Smith
Robert Johnson
Smith, Johnson & Antholt LLC
112 S. Sangamon Street, 3rd Floor
Chicago, IL 60607
312.432.0400

## CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2010, I electronically filed the foregoing Motion *in limine* with the Clerk of the Court, giving notice to all parties.

/s/ James M. Baranyk