IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BYRON CHRISTMAS, et al., ) | |
| ) | No. 08 C 4675 |
| Plaintiffs, ) | |
| ) | Judge Manning |
| v. ) | |
| ) | |
| CITY OF CHICAGO, et al., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' SECOND MOTION *IN LIMINE* TO BAR WITNESSES WHO WERE INCOMPLETELY AND/ OR UNTIMELY DISCLOSED**

Plaintiffs Byron Christmas and Tiffany Banks, by and through their attorneys, respectfully move this Honorable Court *in limine,* to bar evidence of witnesses who were incompletely, improperly, and/or untimely disclosed.

On October 1, 2009, one month before the close of discovery, Defendants mailed a supplemental Rule 26(a) disclosure containing an additional eight witnesses and/or generic categories of witnesses. *See* Exhibit A, Defendants Disclosures. This document arrived sometime during the week of October 5, 2009, with roughly three weeks remaining in discovery. All witnesses listed on this disclosure should be barred for the reasons set out below.

### 1. The Following Disclosures Were Inadequate Under The Federal Rules And Should Be Barred.

The following witnesses were disclosed merely as generic categories, with no additional contact information provided, "Tow Driver(s)", "OEMC Dispatchers and Call takers," and "Anonymous Caller". [1] Rule 26(a)(3) requires the disclosure of the names and phone numbers of witnesses if known. Here Defendants have not even provided the names of these witnesses,

---

[1] Plaintiff's third motion *in limine* further addresses the anonymous caller and the related records.

including those of their own employees. Defendants have not updated or provided any names or contact information for these categories of witnesses.

What is especially troubling about these disclosures, is the supposed content of these unnamed individuals' testimony. For example, the tow drivers' bullet reads, "Tow Driver(s), will establish that no personal property was in Plaintiffs' vehicle when it was towed on August 27, 2007." How is it that Defendants know the content of the witnesses' testimony without being able to provide their names? Even worse is the non-disclosure of the unnamed "OEMC Dispatchers and Call Takers" who are Defendant City of Chicago's employees.

**2. Dr. Perez Should Be Barred As Inadequately Disclosed.**

On their belated Rule 26(a) supplement, Defendants list, and Dr. Jennifer Perez as an additional witness. Under the bullet point for Dr. Perez, Defendants state that Dr. Perez "may have knowledge regarding Tiffany Banks' unreliability as a caretaker to Naomi Christmas." *See* Exhibit A. No contact information is provided for this witness (which is extremely problematic as the quoted statement appears to be nothing more than counsel's conjecture.) Rule 26(a)(3) requires the disclosure of the names and phone numbers of witnesses if known.

The purpose of the civil discovery rules requiring full disclosure "is to prevent trial by ambush." *Heidelberg Harris, Inc., v. Mitsubishi Heavy Indus., Ltd.*, No. 95-0673, 1996 WL 680243, at *8 (N.D. Ill. Nov. 21, 1996). *See also Se-Kure Controls, Inc. v. Vanguard Products Group, Inc.*, No. 02-3767, 2007 WL 781250, at *1 (N.D. Ill. Mar. 12, 2007) ("By requiring disclosure of the identity of those who may have relevant information and the disclosure of relevant documents, the Federal Rules of Civil Procedure seek to avoid the surprise and secrecy that are antithetical to the informed determination of cases of their merits."); *Santiago v. Furniture Chauffeurs*, No. 99-2886, 2001 WL 11058, at *7 (N.D. Ill. Jan. 4, 2001) ("Civil

2

litigation is not a game of hide-the-ball").

The failure of Defendants to disclose evidence during discovery requires that they be barred from using that evidence at trial. *See Salgado by Salgado v. General Motors Corp.*, 150 F.3d 735, 741-742 (7th Cir. 1998) (upholding Rule 37(c) exclusion of witness); *Spina v. Forest Preserve of Cook County*, No. 98-1393, 2001 WL 1491524, at *5 (N.D. Ill. Nov. 23, 2001) ("Defendants are barred from introducing any [ ] documents not properly disclosed prior to the close of discovery").

The sanction of exclusion pursuant to Federal Rule of Civil Procedure 37(c) is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless. *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996). The Court has extended discovery by months to afford Defendants ample time to complete all discovery. That Defendants used this time to obtain substantial evidence, but to not disclose it as required by the Federal Rules, is without justification and is far from harmless.

### 3. Other Untimely Disclosed Witnesses Should Also Be Barred.

Officer Rose Phillips, Officer Katherine Miller, Officer Kristine Zahlmann, ASA Diane McCullough were also included in Defendants' untimely disclosure. Untimely disclosed witnesses can be barred for their prejudicial effect. *See Finwall v. City of Chicago,* 239 F.R.D. 494, 501(N.D. Ill. 2006) (barring as untimely, as well as insufficient, expert disclosures made by plaintiff days before the close of discovery.) These late disclosures were not harmless. At this time, Plaintiffs believe that the first three Officer witnesses and ASA McCullough may be related to Plaintiffs' Motion to Compel in-as-much as they are witnesses who are related to the issue of Ms. Banks' baby. Despite being compelled to do so, Defendants have never identified the identity of the individual police personnel who contacted Defendant Kubik about Ms. Banks'

baby. Defendants may be attempting to use these witnesses to claim that that Ms. Banks' baby was not abandoned. If these witnesses had been timely disclosed they may have aided Plaintiff in securing information that led to favorable witnesses and further proof that complaints about the abandoned baby were made.

WHEREFORE, Plaintiffs respectfully request that this Court grant Plaintiffs' second motion *in limine* as discussed above.

RESPECTFULLY SUBMITTED,

/s/ James M. Baranyk
One of the Attorneys for Plaintiff

James Baranyk
Christopher Smith
Robert Johnson
Smith, Johnson & Antholt LLC
112 S. Sangamon Street, 3rd Floor
Chicago, IL 60607
312.432.0400

## CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2010, I electronically filed the foregoing Motion *in limine* with the Clerk of the Court, giving notice to all parties.

/s/ James M. Baranyk