IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BYRON CHRISTMAS, et al., | ) | |
| | ) | No. 08 C 4675 |
| Plaintiffs, | ) | |
| | ) | Judge Manning |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' THIRD MOTION *IN LIMINE* TO BAR
THE ANONYMOUS 911 CALLER AND THE RELATED TAPES AND TRANSCRIPTS**

Plaintiffs Byron Christmas and Tiffany Banks, by and through their attorneys,

respectfully move this Honorable Court *in limine,* to bar the anonymous 911 caller from

testifying and to bar the related recordings and transcripts, and other hearsay OEMC records and

audio.

### I. Introduction.

Defendants have listed as a witness on their Supplemental Rule 26(a) disclosures "the

anonymous 911 caller."[1] Early in discovery, Defendants disclosed documents including OEMC

records. One of the OEMC records included a report of a woman who called the police at

roughly the same time that Byron Christmas was arrested. These records were redacted by

Defendants, blotting out the identity of the 911 caller. Defendants have also tendered an audio

recording of the OEMC call. As explained below, relying on these records alone is a journey into

inadmissible and unreliable hearsay. From the OEMC records, there is no way to determine how

far away this woman was or what her vantage point was. There is even a dispute among the

---

[1] The propriety of the timing and the adequacy of these disclosures are examined in Plaintiffs'
Second Motion *In Limine.*

parties about the words spoken by the anonymous witness.

On April 6, 2009, Plaintiffs moved to compel the name of this individual so that they could contact or depose her regarding the events that she may or may not have witnessed and about whom she was referring to in her phone call. Plaintiffs believed that this woman would be able to clarify what was said on the tape, likely in a way that would resolve in their favor.

Defendants, citing concern for the caller's safety, did not want to disclose the witness' name. Judge Mason denied Plaintiffs' motion to compel on those grounds and instructed Defendants to attempt to locate and to determine whether or not this witness could be produced for deposition. In addition, Defendants have tendered other anonymous OEMC records which should be barred on hearsay grounds.

## II. The Anonymous Caller Should Be Barred For Non-Disclosure.

Defendants have had at least this witness' name and her telephone number at the time of the complained incident for over seven months. Plaintiffs do not know if Defendants have contacted this witness or whether she is willing to testify in Court. This situation has placed Plaintiffs at an unfairly prejudicial disadvantage. Judge Mason's order was not an order allowing Defendants to spring the identity of witnesses after the discovery cut-off. Defendants cannot have it both ways. They cannot withhold a witness' name for the better part of a year, citing safety concerns, and then turn around and produce this witness for trial.

The purpose of the civil discovery rules requiring full disclosure "is to prevent trial by ambush." *Heidelberg Harris, Inc., v. Mitsubishi Heavy Indus., Ltd.*, No. 95-0673, 1996 WL 680243, at *8 (N.D. Ill. Nov. 21, 1996). *See also Se-Kure Controls, Inc. v. Vanguard Products Group, Inc.*, No. 02-3767, 2007 WL 781250, at *1 (N.D. Ill. Mar. 12, 2007) ("By requiring disclosure of the identity of those who may have relevant information and the disclosure of

relevant documents, the Federal Rules of Civil Procedure seek to avoid the surprise and secrecy that are antithetical to the informed determination of cases of their merits."); *Santiago v. Furniture Chauffeurs*, No. 99-2886, 2001 WL 11058, at *7 (N.D. Ill. Jan. 4, 2001) ("Civil litigation is not a game of hide-the-ball").

The failure of Defendants to disclose evidence during discovery requires that they be barred from using that evidence at trial. *See Salgado by Salgado v. General Motors Corp.*, 150 F.3d 735, 741-742 (7th Cir. 1998) (upholding Rule 37(c) exclusion of witness); *Spina v. Forest Preserve of Cook County*, No. 98-1393, 2001 WL 1491524, at *5 (N.D. Ill. Nov. 23, 2001) ("Defendants are barred from introducing any [ ] documents not properly disclosed prior to the close of discovery").

### III. This OEMC Call Was Not Heard By Defendants At The Time Of The Incident, And Therefore Is Not Relevant.

Defendants cannot claim that they relied on the tape of the OEMC call as the call took place after the arrests, and Defendant had not heard it prior to or in preparation for their depositions. *See,* Exhibit A, Loiaza Dep. p. 149, lines 5-12. The issue in this case is the objective reasonableness of the officers' conduct – not what the parties now know in hindsight. *See Lester v. City of Chicago,* 830 F.2d 706, 711 (7th Cir. 1987); *Palmquist v. Selvik,* 111 F.3d 1332, 1341 (7th Cir. 1997). For Plaintiffs' Fourth Amendment claims, the analysis remains the same: "The reasonableness of an officer's actions in the course of an arrest is judged by an objective standard, based on the facts and circumstances known to the officer at the time of the arrest [and prosecution]. Evidence discovered after the fact is not relevant to the objective reasonableness of the officer's actions." *Munley v. Carlson,* 125 F. Supp. 2d 1117, 1119 -1120 (N.D. Ill. 2000).

3

**IV. This OEMC record constitutes inadmissible hearsay.**

This call constitutes inadmissible hearsay if presented through anyone but the anonymous

caller discussed above, and is inadmissible under Federal Rule of Evidence 802.

**V. The Content Of The OEMC Communication Is Unclear Is Confusing, Is Unduly Prejudicial, should be barred as such.**

Beyond Defendants' intention to present them for the truth of the matter asserted, there is

not even agreement between the parties as to the content of the phone call. Plaintiffs have

testified that another man was in the alley who was also detained at the time of their arrest. This

man, Roy McDavis testified at Plaintiffs' criminal bench trial (which resulted in a not guilty

verdict for both Plaintiffs). This man does have a criminal record. *See* Exhibit B, McDavis Trial

Testimony. Plaintiffs believe that this man could have been the person that the caller was

referring to, and that the call refers to two people. Defendants have a different understanding. For

example in Defendant Loiaza's deposition, the following exchange took place after Plaintiffs'

counsel Christopher Smith played the audio OEMC call *See,* Exhibit A, Loiaza Dep. pp. 145,

lines 7-24:

> BY MR. SMITH:
> Q   But you heard that particular call just in preparation for the -- long after the lawsuit
> was filed in preparation for the deposition, correct?
> A   Yes.
> Q   That's the first time you had ever heard it?
> A   Yes.
> Q   In terms of, I'm not going to say what specifically was said and every word, but in
> terms of, if, for argument's sake, the woman said you got the guy and you got the worker,
> too, would you have any idea who the caller was talking about in terms of a worker?
> MR. NATHAN: Objection. Incomplete hypothetical. That misstates what the tape said.
> You can speculate.
> BY MR. SMITH: Would you have any idea what she was talking about?
> A   She was -- she was -- what I think, she was saying that I got the right guy who put
> the -- the drugs out there and sells them.
> Q   Okay. So -- but that's just your interpretation of what she says?
> A   Yes.

4

*See,* Exhibit A, Loiaza Dep. pp. 149-150, lines 5-2.

All of the related OEMC records related to this call are inadmissible as hearsay. No OEMC "call taker" or "dispatcher" testimony can cure the inherent hearsay. The fact that the records and audio are open to interpretation and are potentially unreliable while purporting to be an official record is very dangerous and should be barred as confusing and misleading under Federal Rule of Evidence 403.

## VI. Other OEMC Records Describing Hearsay Activities In The Area Of Plaintiffs' Arrests, Should Be Barred Under Federal Rules Of Evidence 802 and 403.

Defendants have tendered other records of OEMC hearsay reporting activity, without disclosing the identity of the caller as a witness. These documents are inadmissible as hearsay under Federal Rule of Evidence 802 and should be barred as such. They are also likely to confuse or mislead the jury and should be barred under Federal Rule of Evidence 403.

WHEREFORE, Plaintiffs respectfully request that this Court grant Plaintiffs' Third Motion *in limine* as discussed above.

RESPECTFULLY SUBMITTED,

/s/ James M. Baranyk
One of the Attorneys for Plaintiff

James Baranyk
Christopher Smith
Robert Johnson
Smith, Johnson & Antholt LLC
112 S. Sangamon Street, 3rd Floor
Chicago, IL 60607
312.432.0400

## CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2010, I electronically filed the foregoing Motion *in limine* with the Clerk of the Court, giving notice to all parties.

/s/ James M. Baranyk