IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BYRON CHRISTMAS, et al., ) | |
| ) | No. 08 C 4675 |
| Plaintiffs, ) | |
| ) | Judge Manning |
| v. ) | |
| ) | |
| CITY OF CHICAGO, et al., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' FOURTH MOTION *IN LIMINE* TO BAR ANY SUGGESTION THAT BYRON CHRISTMAS IS OR WAS IN ANY GANG**

Plaintiffs Byron Christmas and Tiffany Banks, by and through their attorneys, respectfully move this Honorable Court *in limine,* to bar any suggestion that Plaintiffs have any gang affiliation.

**I. Introduction.**

Byron Christmas, a former member of the United States armed services, honorably discharged, has never been a member of any street gang. Likewise, Plaintiff Tiffany Banks has no gang affiliation. However, in response to a routine interrogatory, the Defendant Officers stated that it is their contention that one or more of the Plaintiffs is in a gang. *See* Exhibit A, Second Interrogatory Response. Plaintiffs followed up with an additional Interrogatory and Document Request, in order to determine the basis of this contention. In response, Defendants referred Plaintiffs back to the original interrogatory, where the full answer was "yes." *See* Exhibit A. Defendants also directed Plaintiffs towards the Defendants' deposition testimony, without elaborating further, and to the first page of Byron Christmas' arrest report. *See* Exhibit B, Third Interrogatory Response. The arrest report includes a check box for gang affiliation, and "New Breed" is entered in the blank. Defendants during their deposition claimed that they had

never seen Mr. Christmas before. *See*, Exhibit C, Loaiza Dep. p. 16, lines 3-5. Later in his deposition, even though he has no specific recollection of asking Mr. Christmas whether or not he was in a gang, Defendant Loiaza stated, "I don't recall right now, but if it's on the case report, arrest report, he gave it to me." *See,* Exhibit C, p. 106, lines 7-13. Mr. Christmas never told Defendant Loiaza that he was in a gang. And despite having a duty to update their interrogatory responses if they had any basis for this assertion, Defendants have never indicated that they have additional information related to gang involvement of the Plaintiffs. As discussed above, this information is irrelevant and unduly prejudicial.

## II. Argument.

The fact that the gang activity box is checked – along with numerous other details – in the arrest report does not make it relevant. The arrest report itself is inadmissible as hearsay, and the recording officer had no independent recollection of asking the question at his deposition. It is not probative of any issues in this case and therefore cannot meet the threshold question for admissibility. *See* Fed. R. Evid. 401 ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.") and 402.

Gang references are widely acknowledged as fodder for unfair prejudice. "Our Court of Appeals has repeatedly recognized 'the insidious quality' of evidence of gang membership as well as 'the damage it can do.'" *Finley v. Lindsay*, No. 97 C 7634, 1999 WL 608706, at *1 (N.D. Ill. Aug. 5, 1999), *citing United States v. Sargent*, 98 F.3d 325, 328 (7th Cir. 1996). As the Seventh Circuit explained in reversing a district court for failing to exclude references to an affiliation with a gang:

> [T]he danger of unfair prejudice stemming from the admission of the gang evidence in this case was substantial. Gangs generally arouse negative

> connotations and often invoke images of criminal activity and deviant behavior. There is therefore always the possibility that a jury will attach a propensity for committing crimes to defendants who are affiliated with gangs or that a jury's negative feelings towards gangs will influence its verdict. Guilt by association is a genuine concern whenever gang evidence is admitted.

*United States v. Irvin*, 87 F.3d 860, 865-66 (7th Cir. 1996).

As Judge Castillo explained in *Charles v. Cotter*, if the §1983 plaintiff could be identified at trial as a gang member, it would be "unfairly prejudicial as it encourages the inference that [he] is an evil and menacing person." 867 F.Supp. 648, 658 (N.D. Ill. 1994). *See also Lopez v. City of Chicago*, No. 01 C 1823, 2005 WL 563212, at *5 (N.D. Ill. March 8, 2005) (Der-Yeghiayan, J.) (rejecting argument that gang affiliation went to §1983 plaintiff's damages and concluding that the unfair prejudice outweighed relevance); *United States v. Davis*, No. 99 C 928, 2001 WL 1195729, at *2 (N.D. Ill. Oct. 9, 2001) (Kennelly, J.) (excluding gang references as "enormously and unfairly prejudicial" under FRE 403); *Brown v. Joswiak*, 2004 WL 407001, at *1 (N.D. Ill. Feb. 24, 2004) (barring without objection all references to "evidence or testimony concerning the gang affiliation or tattoos of Brown or his witnesses") (Kocoras, J.). A similar conclusion is warranted here.

WHEREFORE, Plaintiffs respectfully request that this Court grant Plaintiffs' Fourth Motion *in limine* as discussed above.

RESPECTFULLY SUBMITTED,

                    /s/ James M. Baranyk
              One of the Attorneys for Plaintiff

James Baranyk
Amanda Antholt
Christopher Smith
Robert Johnson
Smith, Johnson & Antholt LLC
112 S. Sangamon Street, 3rd Floor
Chicago, IL 60607
312.432.0400

## CERTIFICATE OF SERVICE

    I hereby certify that on January 7, 2010, I electronically filed the foregoing Motion *in limine* with the Clerk of the Court, giving notice to all parties.

                                                  /s/ James M. Baranyk