**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| BYRON CHRISTMAS, et al., | ) | |
| | ) | No. 08 C 4675 |
| Plaintiffs, | ) | |
| | ) | Judge Manning |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' SEVENTH MOTION *IN LIMINE* TO
BAR REFERENCE TO PLAINTIFFS LIMITED CRIMINAL HISTORY**

Plaintiffs Byron Christmas and Tiffany Banks, by and through their attorneys, respectfully move this Honorable Court *in limine,* to bar reference to Plaintiffs' limited criminal history.

**1. Plaintiffs' Limited Criminal History Is Not Relevant To This Case.**

Neither Plaintiff has ever been convicted of a felony, nor convicted of a misdemeanor involving a crime of dishonesty. Ms. Banks and Mr. Christmas' only convictions are traffic or driver's license related issues which were administrative in nature or misdemeanors at most.

**A. Plaintiffs' Prior Arrests Are Inadmissible.**

Arrests that do not lead to conviction are generally inadmissible under well settled law. *See Anderson v. Sternes*, 243 F.3d 1049, 1054 (7th Cir. 2001) ("The law is clear that a defendant's prior arrest record is inadmissible, and while the reference to Anderson's past arrest was only indirect, it was still improper"); *Jones v. Scientific Colors, Inc.*, No. 99 C 1959, 2001 WL 668943, at *2 (N.D. Ill. June 14, 2001) ("Whether any of the claimants have been previously arrested -- as opposed to convicted -- is a matter of slight probative value in relationship to the claims before the Court. Such inquiries threaten more to confuse than enlighten"); *Brandon v.*

*Village of Maywood*, 179 F. Supp. 2d 847, 853-55 (N.D. Ill. 2001) (carefully considering and rejecting all arguments for admission of arrest record -- such as "bias" or damages -- because prejudice outweighs probative value where officers did not know about it).

Evidence of Plaintiffs' prior arrests is nothing more than prior bad act evidence which is not admissible under the Federal Rules of Evidence. See *Gregory v. Oliver*, No. 00-5984, 2003 WL 1860270, at *1 (N.D. Ill. April 9, 2003) ("Arrests that have not lead to convictions are classic candidates for exclusion under [FRE] 404(b)"); *Blessing v. Kulak*, No. 86-10227, 1988 WL 67637, at *1 (N.D. Ill. June 22, 1988) ("The use of the evidence of prior arrests, despite defendants' arguments, is in the manner of demonstrating that Blessing had a propensity for committing burglary [and is thus] inadmissible under Rule 404(b)"). *See* Earl v. Denny's, Inc., No. 01-5182, 2002 WL 31819021, at *8 (N.D. Ill. Dec. 13, 2002) ("[A] jury may deny plaintiff a verdict and an award, not because it doubts its veracity, but because it is appalled by his prior conduct that has nothing to do with the events in question. That is precisely the kind of unfair prejudice that Rule 403 seeks to prevent").

Furthermore, none of the arrests are probative in any manner of untruthfulness. *Ad-Vantage Telephone Directory Consultants, Inc. v. GTE Directories Corp.*, 37 F.3d 1460, 1464 (11th Cir. 1994) ("Acts probative of untruthfulness under Rule 608(b) include such acts as forgery, perjury, and fraud.... Anton's borrowing from his clients, while ethically questionable, is ... irrelevant to his truthfulness as an expert. To infer untruthfulness from any unethical act 'paves the way to the exception which will swallow the Rule.'"), citing 3 Weinstein & Berger, supra, 608 at 608-49. Such evidence is not probative of any issue in this case, would waste the jury's time, and is unnecessarily embarrassing to Plaintiffs.

**B. Evidence of Plaintiffs' Limited Criminal History Should Be Barred Due To Non-Disclosure.**

2

Additionally, any such evidence should be barred because it was not disclosed in discovery. *See* Fed. R. Civ. Pro. 37(c). Plaintiffs propounded an interrogatory on each of the Defendants asking them to disclose any convictions of any witnesses that they intended to use at trial for any purpose (including impeachment). For example, *see* Exhibit A, Defendant Kubik's Answer to Interrogatory no. 14. Defendants have not provided any such evidence and, therefore, should be barred from now using of any such arrests / convictions at trial. *Moore v. City of Chicago,* No. 02-5130, 2008 WL 4549137, at *2 (N.D. Ill. April 15, 2009) ("To the extent that defendant officers seek to use at trial the criminal conviction of any of plaintiff's witnesses, their failure to disclose those convictions in response to plaintiff's requests results in a bar of that evidence.); *Regalado v. City of Chicago*, No. 96-3634, 1998 WL 919712, *8 (N.D. Ill. Dec. 30, 1998) (barring criminal histories of witnesses that were requested in discovery but not disclosed: "[t]hat however is not the way in which the system works-or is supposed to work. Counsel for a litigant are entitled to full disclosure in response to their legitimate discovery . . . There must be a price paid for flouting the discovery rules in that fashion, and the most appropriate and commonly paid price is the exclusion of evidence in the area of noncompliance.").

### C. Arrests That Led To Administrative Or Misdemeanor Penalties Should Be Barred.

As far as the traffic arrests that led to administrative or possibly even misdemeanor penalties (Ms. Banks believes that the driving on the suspended license may have been a misdemeanor rather than an ordinance violation, but any relevant documents are not part of the record), they are inadmissible. Because any convictions were for misdemeanors at most, and were not punishable by death or imprisonment in excess of one year, they are inadmissible under FRE 609(a)(1). Ms. Banks has one disorderly conduct violation which occurred when she was a

juvenile. Because traffic offenses and disorderly conduct are not crimes of dishonesty they are also inadmissible under FRE 609(a)(2).

### D. Extrinsic Evidence And Witnesses From Prior Arrests Should Be Barred.

Defendants have indicated that they will seek to call an arresting officer from one of Mr. Christmas prior arrests to testify at trial. Federal Rule of Evidence 608(b), however, prohibits the introduction of extrinsic evidence to attack a witness' credibility, limiting such impeachment solely to inquiry on cross examination, and even then only at the court's discretion. Thus, even if the Court does allow Defendants to impeach Plaintiffs with their arrest records, at most Defendants would be allowed to inquire into the alleged arrest, but they are not entitled to bring in a witness or refer to law enforcement documents. *See United States v. Lewis*, 954 F.2d 1386, 1395 (7th Cir. 1992) (upholding trial court's decision to bar the accused from calling witness to rebut prosecution witness' denial of prior act of smuggling which was offered as bad act credibility impeachment because "Rule 608(b) bars the admission of extrinsic evidence of prior conduct for impeachment purposes"); *United States v. DeStefano*, 1995 WL 398763, at *7 (N.D. Ill. June 29, 1995) ("On cross examination, defendants may inquire into the specific acts leading up to the charge involving counterfeit money since the attempted transfer of counterfeit money involves deception and untruthfulness. Fed. R. Evid. 608(b). However, the counterfeit incident may not be proved by extrinsic evidence so that if Cannon denies the act the government must settle for the answer.").

WHEREFORE, Plaintiffs respectfully request that this Court grant Plaintiffs' Seventh Motion *in limine* as discussed above.

RESPECTFULLY SUBMITTED,

/s/ James M. Baranyk
One of the Attorneys for Plaintiff

James Baranyk
Christopher Smith
Robert Johnson
Smith, Johnson & Antholt LLC
112 S. Sangamon Street, 3rd Floor
Chicago, IL 60607
312.432.0400

## CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2010, I electronically filed the foregoing Motion *in limine* with the Clerk of the Court, giving notice to all parties.

/s/ James M. Baranyk