# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BYRON CHRISTMAS, et al., ) | |
| Plaintiffs, ) | |
| ) | No. 08 CV 4675 |
| v. ) | Judge Blanche M. Manning |
| ) | |
| CITY OF CHICAGO, et al., ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiffs Byron Christmas and Tiffany Banks have sued the City of Chicago and several of its police officers alleging numerous federal and state law claims, including that their civil rights were violated when officers illegally searched and arrested them and left behind their newborn child at the scene of the arrest. The parties have filed numerous motions in limine. The motions are now briefed, and the court rules on them as follows.

## I. PLAINTIFFS' MOTIONS

### A. Motion to Bar Improper Character Evidence [68-1]

The plaintiffs contend that during their depositions, the defendants questioned them about a miscarriage of Tiffany Banks', children born out of wedlock to Byron Christmas, a business owned by Christmas for which he did not recall filing taxes, and Christmas' tattoos. The plaintiff seek to exclude any evidence regarding these topics as irrelevant or, alternatively, unduly prejudicial.

The defendants respond that they do not intend to introduce evidence about Banks' miscarriage or Christmas' tattoos. Accordingly, the motion to exclude evidence about those topics is granted.

The defendants contend that they should be permitted to question Christmas about not paying business taxes under Federal Rule of Civil Procedure 608(b), which permits questions on cross-examination about specific instances of conduct if probative of truthfulness of untruthfulness. However, the defendants have not established that Byron Christmas was obligated to pay business taxes. Indeed, during his deposition Christmas testified that his business never generated income. "The fact that a witness has not filed income tax returns is not, by itself, evidence of illegal conduct if that witness was not required by law to file a tax return." *First American Bank v. Western DuPage Landscaping, Inc.*, No. 00 CV 4026, 2005 WL 2284265, at *2 (N.D. Ill. Sept. 19, 2005). Because the defendants have not established that Christmas was obligated to pay business taxes, the motion to exclude questions about those taxes is granted.

As for evidence of Christmas' other children, the defendants offer the confusing argument that the evidence is admissible because it "is unlikely that Jane Doe [the newborn allegedly left behind at the scene of the arrest] will testify" and because "a children's relationship with their parents is impacted by the existence or nonexistence of siblings." Response [81-1] at 2. The defendants' argument fails to identify the relevance of the fact that Christmas has other children to whether he was illegally searched and falsely arrested, or whether the plaintiffs suffered damages as a result. Accordingly, the motion to exclude evidence of Christmas' other children is granted.

### B. Motion to Bar Improperly Disclosed Witnesses [69-1]

The plaintiffs seeks to exclude a number of the defendants' witnesses identified in the defendants' supplemental Federal Rule of Civil Procedure 26(a) disclosures dated October 1, 2009. The plaintiffs contend that the disclosures were untimely because they came just one month before the end of discovery and, therefore, harmed them, although they do not specify how they were harmed. Under Federal Rule of Civil Procedure 37(c), a court must exclude witness that were not disclosed during discovery if the failure to disclose is (1) without substantial justification, and (2) not harmless. *See In re Thomas Consol. Indus., Inc.*, 456 F.3d 719, 726 (7th Cir. 2006).

Among the witnesses that the plaintiffs contend were untimely disclosed are officers Rose Phillips, Katherine Miller, and Kristine Zahlmann, who apparently encountered Tiffany Banks at the 11th District female lockup facility. However, the defendants did previously disclose these officers as part of the defendants' initial Rule 26(a)(1) disclosures made on January 15, 2008. *See* Response [81-1], Ex. C at 5. Accordingly, the plaintiffs' contention that Phillips, Miller, and Zahlmann were untimely disclosed is unavailing.

In their reply brief, the plaintiffs offer the additional argument that Phillips should be barred because the defendants refused to produce her for deposition on October 13, 2009. In support, they cite a September 24, 2009, letter from the defendants' counsel objecting to producing 13 individuals for deposition (which presumably included Phillips) based, in part, on a scheduling conflict, but stating that counsel was "open to reconsidering this objection if you are able to provide a legitimate purpose for the depositions." Reply [86-1] Ex. D at 1.

The plaintiffs' additional argument is unavailing for two reasons. First, arguments raised for the first time in a reply brief are forfeited. *See EEOC v. Int'l Profit Assoc., Inc.*, 647 F. Supp. 2d 951, 990 n.41 (N.D. Ill. 2009). Second, the letter from the defendants' counsel does not outright refuse to produce Phillips for her deposition.[1]

---

[1]The court also notes that the September 24, 2009, letter the plaintiffs cite as evidence that they were attempting to depose Phillips belies their assertion that the defendants first disclosed Phillips as a potential witness on October 1, 2009.

Page 2

Accordingly, the motion to bar officers Phillips, Miller, and Zahlmann as untimely disclosed is overruled.

The plaintiffs also contend that they were prejudiced by the October 1, 2009, disclosure of assistant state's attorney Diane McCullough. The government identifies McCullough as a witness who will offer evidence that Banks' car was forfeited in an apparently unrelated state proceeding and, therefore, she is not entitled to damages based upon officers' seizure of that car during her arrest. The plaintiffs have not explained how they were prejudiced by the disclosure of McCullough four weeks before the end of discovery and more than four months before trial. Accordingly, the motion to bar testimony from McCullough is overruled.

Next, the plaintiffs seek to bar testimony from the following witnesses identified by the defendants because they were described generically as "OEMC Dispatchers" and "Call Takers." Under Rule 26(a)(3), the names and phone numbers of known witnesses must be disclosed. The defendants have not identified any instance in which they disclosed the names of the OEMC Dispatchers and Call Takers they intend to call as witnesses. Accordingly, the plaintiffs motion to bar testimony from such witnesses is granted.

The plaintiffs also seek to bar testimony from witnesses the defendants described as "a still unidentified tow truck driver" and "Dr. Jennifer Perez." In their response brief the defendants offer no argument in response to the plaintiffs' motion to bar and, instead, state that they will not seek to call these witnesses at trial. Accordingly, the motion to bar testimony from these witnesses is granted.

### C. Motion to Exclude Anonymous 911 Caller and Related Tapes and Transcripts [70-1]

In this motion in limine, the plaintiffs seek to exclude testimony from a witness who made an anonymous call to 911 at the time of the plaintiffs' arrest. According to the defendants, the anonymous caller contacted 911 to confirm that police had arrested the person that she and her daughter had seen on prior occasions selling drugs in the alley behind their home. The defendants respond that they do not intend to offer the anonymous 911 caller as a witness. *See* Response [81-1] at 3 n.1. Accordingly, the motion to exclude the anonymous 911 caller is granted.

Next, the plaintiffs seek to exclude the recording of the anonymous 911 call or any transcript of the recording. In support, they argue that the recording and/or transcript would be hearsay. The defendants respond that they will offer the recording not for the truth of the matters asserted in the call, but rather to show that police had probable cause to arrest Christmas because the anonymous caller had confirmed that Christmas was the man she had seen on prior occasions selling drugs. Because the recording and/or transcript would not be offered for the truth of the matter asserted, they are not inadmissible hearsay. *See* Fed. R. Evid. 801(c).

Alternatively, the plaintiffs seek to exclude the recording and/or transcript because there is no evidence that the arresting officers heard the call before making the arrests. Only information known to police leading up to an arrest is relevant to whether they had probable cause for the arrest. *See Wheeler v. Lawson*, 575 F.3d 629, 637 (7th Cir. 2008) (probable cause is based upon facts known to officer at the time, and evidence that came to light after the arrest is not relevant).

In response, the defendants contend that the arresting officers knew of the 911 call while arresting Christmas. However, during his deposition defendant officer Arnoldo Rendon testified only that he heard the dispatcher's description of the 911 call, not the call itself.

Given the uncertainty of what officers heard and based on the present record, this issue would be better resolved at trial after the record has been more fully developed. Accordingly, the plaintiffs' motion is denied without prejudice as premature.

### D. Motion to Bar Any Suggestion that Byron Christmas Was In A Gang [71-1]

The plaintiffs seek to exclude any evidence or suggestion that Byron Christmas was in a gang. Such evidence is routinely excluded. *See United States v. Irvin*, 87 F.3d 860, 865-66 (7th Cir. 1996) ("the danger of unfair prejudice stemming from the admission of the gang evidence in this case was substantial. . . . There is therefore always the possibility that a jury will attach a propensity for committing crimes to defendants who are affiliated with gangs or that a jury's negative feelings towards gangs will influence its verdict."); *Charles v. Cotter*, 867 F. Supp. 648, 658 (N.D. Ill. 1994) (identifying a § 1983 plaintiff "as a gang member is unfairly prejudicial insofar as it encourages the inference that Charles is an evil and menacing person.") The motion to exclude is therefore granted.

### E. Motion to Bar Improper Bolstering [72-1]

The plaintiffs seek to bar evidence of commendations and awards bestowed upon the defendant police officers used to bolster their character. The defendants responded that the issue should be reserved for trial and, in their reply brief, the plaintiffs agreed. Accordingly, the motion is stricken.

### F. Motion to Bar Inappropriate Damages Argument [73-1]

The plaintiffs seek to bar certain evidence about their requests for damages. The defendants do not object to barring evidence that (1) the plaintiffs have asked for more money than they expect to be awarded, and (2) any damages that will be awarded will not be taxed as income. Accordingly, the motion to bar such evidence is granted.

The defendants do object to the plaintiffs' request to bar evidence that (1) the amount of damages the plaintiffs seek is shocking and (2) any award of damages would adversely impact

the finances of the City of Chicago. The only relevance of such evidence that the defendants identify is that "the City of Chicago's ability to pay may be at issue." Response at 8. However, the Seventh Circuit has held that appeals to jurors' pecuniary interests as taxpayers is improper. *See Moore ex rel. Estate of Grady v. Tuelja*, 546 F.3d 423, 429 (7th Cir. 2008).

Accordingly, the motion to exclude is granted.

### G. Motion to Bar References to Plaintiffs' Criminal Histories [74-1]

Next, the plaintiffs move to exclude evidence of their prior arrests that did not result in convictions. The defendants object to the motion on two bases. First, they argue that they should be entitled to introduce allegations of misconduct by the plaintiffs in the event that the court denies the defendants' motion to exclude allegations of their own misconduct. However, the court granted the defendants' motion to exclude allegations of their own misconduct. *See* Minute Order of February 10, 2010 [88-1]. Accordingly, the defendants' first argument against the motion in limine is unavailing.

Alternatively, the defendants contend that they should be permitted to introduce evidence that Christmas had been incarcerated as a result of previous arrests in order to "rebut any claimed emotional injury from [his] time in Cook County Jail. A jury should be entitled to consider that jail-time is likely to have a different impact on a first time occupant than a repeat visitor." Response [81-1] at 10. Neither party has cited any pertinent authority addressing whether evidence of prior incarcerations has any probative value to a claim of damages arising from a false arrest. But even if such evidence is probative, the court finds that the danger of unfair prejudice greatly outweighs the probative value of the evidence. *See* Fed. R. Evid. 403 (relevant evidence may be excluded if its probative value is outweighed by the danger of unfair prejudice).

Accordingly, the motion to exclude is granted.

## II. DEFENDANTS' SECOND SET OF MOTIONS [67-1]

### A. Motion to Exclude Evidence of Police Department Orders & Regulations

The defendants seek to bar any evidence that any police officer who is a defendant or witness in this case violated the rules and regulations of the Chicago police department. The defendants correctly argue that violations under local laws and regulations have no bearing on claims brought under 42 U.S.C. § 1983, which involve violations under the constitution. *See Thompson v. City of Chicago*, 472 F.3d 444, 455 (7th Cir. 2006). Accordingly, the motion in limine is granted.

However, if developments at trial make evidence about police department rules and regulations relevant to an issue other than the plaintiffs' constitutional rights, the court will address at that time whether the proffered evidence is admissible.

### B.      Motion to Exclude Argument or Comments About Internal Investigations of the Defendants' Conduct

The defendants seek to bar any evidence that the Chicago police department's Office of Professional Standards investigated the incident involving plaintiffs Christmas and Banks. The plaintiffs respond that they would offer such evidence only if the defendants elicit testimony about the investigations.

Accordingly, the motion in limine is granted. However, the court will revisit the issue if warranted by developments at trial.

### C.      Motion to Exclude Evidence of Prior Lawsuits or Complaints About the Defendants

The defendants seek to exclude evidence of other instances of alleged misconduct involving them or other non-defendant officers. Their request appears to be identical to the one raised in a previously-filed motion in limine that the court granted. *See* Minute Order dated February 10, 2010. Accordingly, this motion is stricken as unnecessary.

### D.      Motion to Bar Mention of Indemnification

The defendants seek to bar any reference to the City of Chicago's indemnification of the individual defendants. The plaintiffs generally agree not to raise the issue of indemnification. However, as the plaintiffs correctly note, they may be entitled to introduce evidence of indemnity if the defendants open the door to the issue by introducing evidence of the detectives' inability to pay damages. *See Regalado v. City of Chicago*, No. 96 C 3634, 1998 WL 919712, at *1 (N.D. Ill. 1998).

Therefore, the motion is granted, although the court will revisit the issue in the limited event that the defendants introduce evidence addressing the defendants' ability to pay an award of compensatory damages. *See Kemezy v. Peters*, 79 F. 3d 33, 36 (7th Cir. 1996) ("The defendant who cannot pay a large award of punitive damages can point this out to the jury . . . .").

### E.      Motion to Exclude Any Evidence of a Code of Silence Among Police Officers

The defendants seek to bar generalized evidence of a police "code of silence," under which police officers allegedly lie, conspire, and cover-up in order to protect fellow officers. The plaintiffs respond that evidence of a code of silence would be probative of officers' bias, and that bias is always relevant. *See Townsend v. Benya*, 287 F. Supp. 2d 868, 876 (N.D. Ill. 2003).

The court agrees that the plaintiffs are entitled to "develop the theme that a code of silence existed among *these particular officers* in *this particular incident*." *Moore v. City of Chicago*, No. 02 CV 5130, 2008 WL 4549137, at *6 (N.D. Ill. Apr. 15, 2008) (emphasis added). Accordingly, the motion in limine is granted in part and denied in part as follows: (1) the plaintiffs may not introduce generalized evidence of a "code of silence" but (2) may introduce evidence that the officers involved in the events underlying the complaint adhered to a "code of silence" regarding the alleged violation of the plaintiffs' constitutional rights.

### F. Motion to Bar Witnesses Who Were Not Previously Disclosed

The defendants have moved to bar any witnesses not previously disclosed by the plaintiffs. The plaintiffs do not object and, therefore, the motion to exclude is granted except that this ruling does not apply to persons called as rebuttal witnesses.

### G. Motion to Bar Evidence or Argument About Misconduct by Officers Who Are Not Connected to the Events of this Case

Next, the defendants seek to bar evidence of highly publicized allegations of misconduct by police officers who have no connection to this case. They have not, however, identified the precise allegations of misconduct they seek to exclude, though it would presumably include evidence of widespread misconduct by members of the Chicago police department's Special Operations Section, as well as evidence of bar fights allegedly instigated by off-duty Chicago police officers.

The plaintiffs agree that the parties should not unduly inflame jurors with evidence of highly publicized allegations of police misconduct. However, they object to a blanket order prohibiting *any* evidence of unrelated misconduct. Like the defendants, they have not precisely identified what other evidence of misconduct they seek to introduce.

Without elaboration from the parties about the precise evidence they either seek to introduce, the court cannot assess whether or not the evidence is admissible. Accordingly, the motion to exclude is denied without prejudice as premature. Should the need arise, the court will address at trial the admissibility of other evidence of police misconduct upon the motion or objection of either party.

### H. Exclusion of Witnesses from the Courtroom

The motion to exclude witnesses other than the parties from the courtroom during the testimony of other witnesses is granted.

### I. Motion to Bar Evidence that Any City Employee Denied the Plaintiffs Adequate Medical Care

Next, the defendants seek to bar any evidence that the plaintiffs were denied medical care given that they have not asserted a claim of inadequate medical care. However, the defendants have cited no authority to support their assertion that evidence of a lack of medical care is relevant only if a separate claim of inadequate medical care has been alleged. The plaintiffs contend that Banks was in discomfort and denied medical attention after the defendants allegedly ripped the dressing of her C-section wound during the search and seizure. In the absence of any authority that such conduct is not relevant to Banks' claim for damages, the motion in limine is denied.

### J. Motion to Bar Evidence or Argument to Support Plaintiffs' *Monell* Claim

The defendants move to bar the plaintiffs from introducing evidence or arguing in support of their *Monell* claim. The plaintiffs respond that they will not prosecute their *Monell* claim. Accordingly, the motion in limine is denied as moot.

### K. Motion to Bar Evidence or Argument Regarding "Sending A Message" to the City of Chicago or the Defendant Officers

The defendants seek to preclude the plaintiffs from arguing that the jury should "send a message" to the City of Chicago with its verdict, or somehow punish the City with its verdict, contending that such an argument is improper because the plaintiffs cannot recover punitive damages from the City. In other words, the defendants assert that arguments about sending a message or punishing the City are improper because they can only support a request for punitive damages, which are unavailable.

The plaintiffs disagree, noting that he is entitled to ask the jury to "send a message" by awarding full compensatory damages for their injuries, as well as by awarding punitive damages in their claims against the individual officers.

The court agrees with the plaintiffs and denies the motion in limine with the caveat to the plaintiffs that any "message" or "punishment" arguments must be made in the context suggested above, and must not imply that they are entitled to punitive damages from the City.

### L. Motion to Bar Dr. Andreas Skoubis From Testifying

Next, the defendants seek to bar testimony from Dr. Andreas Skoubis, who treated plaintiff Banks when her cesarean section wound became infected prior to her arrest in the instant incident. The defendants contend that Dr. Skoubis should be excluded as a witness because the plaintiffs have withheld his contact information and, as a result, the defendants have been unable to serve him.

According to the plaintiffs, they provided the defendants with information on where to contact Dr. Skoubis at Rush University Medical Center. Indeed, the defendants admit they attempted to serve Dr. Skoubis but, for whatever reason, their process server was unsuccessful. The court also notes that on Rush's website, Dr. Skoubis' contact information, including his address and phone number, are publicly available.

Accordingly, the defendants' assertions that the plaintiffs have been thwarting the defendants efforts to serve and depose Dr. Skoubis are unfounded and, as a result, the motion to exclude is denied.

### M. Motion to Bar Lay Opinion Testimony

Finally, the defendants seek to bar testimony from the plaintiffs about the physical or psychological damages they suffered as a result of the conduct alleged in the complaint because they are not medical experts. The plaintiffs object on the basis that the motion to exclude is overly broad and would prohibit them from describing the physical and emotional toll they suffered at the hands of the defendants.

Under Federal Rule of Evidence 701, a lay witness may offer opinion testimony only to the extent that it is "(a) rationally based on the perception of the witness; (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge." The plaintiffs are therefore entitled to testify about their own perceptions, including the physical and emotional effects of the defendants' alleged conduct. They cannot, however, offer medical opinions that require scientific, technical, or other specialized knowledge and, indeed, state in their response brief that they will adhere to Rule 701 and not "give any complex medical diagnoses or opine on any long term medical conditions." Response [83-1] at 11.

Accordingly, the motion to exclude is denied as overly broad.

### III. CONCLUSION

For the reasons stated above, the court resolves the parties' motions in limine as follows: motions [68-1], [71-1], [73-1], and [74-1] are granted; motions [67-1], [69-1], and [70-1] are granted in part and denied in part; and motion [72-1] is stricken.

ENTER:

DATE: February 11, 2010

_____
Blanche M. Manning
United States District Judge